PER CURIAM
*759 Defendant appeals his conviction for unlawful possession of methamphetamine, ORS 475.894. He assigns error to the trial court's denial of his motion to suppress evidence. He argues that the traffic stop that eventually led to discovery of evidence of methamphetamine was unlawfully extended because the circumstances did not give rise to reasonable suspicion of a drug possession offense that would justify the inquiries leading to the evidence that was seized. The state concedes that, under our case law, the state trooper who stopped defendant lacked reasonable suspicion that would justify an extension of the stop, and the trial court therefore erred by denying the motion to suppress. We agree and accept the state's concession.
A person is unlawfully seized when a traffic stop is extended without reasonable suspicion of an offense to justify the further detention. State v. Rodgers/Kirkeby , 347 Or. 610, 627-28, 227 P.3d 695 (2010). Here, the trooper, after conducting a traffic stop, made inquiries related to his subjective suspicion that the vehicle might contain drugs, and he subsequently seized evidence. Although the trooper made observations that could give rise to suspicions that defendant and a passenger were drug users, the circumstances he recounted could not support an objectively reasonable inference of current drug possession. "[E]ven if [an officer] could reasonably infer that defendant was a drug user, evidence of a person's past or even routine drug use, without additional evidence, does not give rise to the reasonable inference that the person currently possesses drugs."
*100 State v. Oller , 277 Or. App. 529, 538, 371 P.3d 1268 (2016), rev. den. , 361 Or. 803, 401 P.3d 1187 (2017). The trial court therefore erred by denying the motion to suppress.
Reversed and remanded.